IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP. D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>             Plaintiff,<br><br>   v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>             Defendant. | C.A. _____ |

**DEFENDANT'S NOTICE OF REMOVAL**

| | |
|---|---|
| DONNELLY, CONROY & GELHAAR, LLP<br>T. Christopher Donnelly (motion for admission *pro hac vice* forthcoming)<br>Joshua N. Ruby (motion for admission *pro hac vice* forthcoming)<br>260 Franklin Street, Suite 1600<br>Boston, MA 02110<br>(617) 720-2880 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>R. Judson Scaggs (#2676)<br>Barnaby Grzaslewicz (#6037)<br>A. Gage Whirley (#6707)<br>1201 N. Market Street<br>Wilmington, DE 19801<br>(302) 658-9200<br><br>*Counsel for Defendant Granite Telecommunications, LLC* |

Dated: June 9, 2020

Defendant Granite Telecommunications, LLC ("Granite") hereby removes this action from the Delaware Court of Chancery to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  As grounds for removal, Granite states as follows:

1. On May 19, Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel") filed this action in the Delaware Court of Chancery (the "State Court Action").

2. As required by 28 U.S.C. § 1446(a), true and correct copies of all public process, pleadings, and orders filed in the State Court Action or served upon Granite in the State Court Action as of the date of this filing are attached hereto as Exhibit A.  A motion to file additional documents under seal is being filed contemporaneously herewith, and the additional documents will be filed as Exhibit B under seal once the Court grants the motion.

3. As set forth in more detail below, this Court has original jurisdiction over MetTel's claims against Granite under 28 U.S.C. § 1332(a).

4. Removal to this Court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 87 because the United States District Court for the District of Delaware is the federal judicial district and division embracing the Delaware Chancery Court, where the State Court Action was filed.

5. MetTel served Granite with a Summons and copy of the Complaint on May 20, 2020.  Accordingly, Granite's deadline to file this Notice of Removal ("Notice") is June 19, 2020.  See 28 U.S.C. § 1446(b)(1).

6. This Notice, filed on June 9, 2020 is therefore timely filed in compliance with 28 U.S.C. § 1446(b)(1).

7. In accordance with 28 U.S.C. § 1446(d), Granite has filed this Notice with this Court, will serve a copy of this Notice upon counsel for MetTel, and will file a Notice of Filing of Notice of Removal in the Delaware Court of Chancery. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

8. By removing this action, Granite does not waive, but expressly preserves, any defenses with respect to the State Court Action.

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. MetTel is a Delaware corporation with its principal place of business in New York. Compl. ¶ 6.

11. MetTel is therefore a citizen of both Delaware and New York for purposes of determining diversity of citizenship. *See* 28 U.S.C. 1332(c)(1) (citizenship of corporations).

12. Granite is a limited liability company organized under the laws of Delaware. It therefore is a citizen of the states in which its members are citizens. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members.").

13. The members of Granite are citizens of Florida, Massachusetts, and New Hampshire. Each of the members and their respective states of citizenship are set forth in Exhibit D, which will be filed under seal once the Court grants the motion seeking leave to file this material under seal. *See* Paragraph 2, *supra*.

14. Because none of the members of Granite are citizens of New York or Delaware, complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) exists.

15. The amount in controversy exceeds $75,000.

16. While Granite disputes MetTel's allegations, denies liability, and contends that MetTel cannot recover anything based on the claims pleaded in the Complaint, MetTel's allegations and the relief sought determine the amount in controversy for purposes of removal. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) ("The allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty the claim is really for less than the jurisdictional amount.") (internal citations and quotations omitted).

17. MetTel alleges, *inter alia*, that Granite has engaged in a systematic campaign of false statements about MetTel and its business. MetTel seeks both an unspecified quantum of damages and injunctive relief. *See generally* Compl.

18. MetTel and Granite are competitors in the telecommunications industry and compete head-to-head for long-term contracts worth millions of dollars. MetTel alleges that Granite's conduct has impaired its ability to compete for such contracts and has interfered with such existing contracts. Although Granite maintains that MetTel has not plausibly pleaded any damages at all, MetTel's allegations plainly place more than $75,000 in controversy in this action.

19. MetTel also seeks injunctive relief barring Granite from making allegedly false statements about MetTel and its business. *See generally* Compl. Although Granite maintains that MetTel has not plausibly alleged that it is entitled to injunctive relief here, the nature of the industry in which MetTel and Granite compete means that the injunctive relief MetTel seeks is worth more than $75,000. *See In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief. . . . In other words, it is the value to plaintiff

to conduct his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy.") (internal citations and quotations omitted).

20. Based on the foregoing, Granite is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

21. Granite admits no liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of MetTel's pleadings pursuant to Federal Rule of Civil Procedure 12(b).

WHEREFORE, Granite hereby removes this action to this Court for further proceedings according to law.

Respectfully submitted,

GRANITE TELECOMMUNICATIONS, LLC

By its attorneys,

/s/ *R. Judson Scaggs*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
R. Judson Scaggs (#2676)
Barnaby Grzaslewicz (#6037)
A. Gage Whirley (#6707)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

DONNELLY, CONROY & GELHAAR, LLP
T. Christopher Donnelly (motion for admission *pro hac vice* forthcoming)
Joshua N. Ruby (motion for admission *pro hac vice* forthcoming)
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880

Dated: June 9, 2020

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document was served upon the following individuals by electronic mail on June 9, 2020:

Steven L. Caponi (#3484)
Matthew B. Goeller (#6283)
K&L GATES LLP
600 King Street, Suite 901
Wilmington, DE 19801
steve.caponi@klgates.com
matthew.goeller@klgates.com

*Counsel for Plaintiff Manhattan Telecommunications Corp.*

                                                /s/ *Barnaby Grzaslewicz*
                                                Barnaby Grzaslewicz (#6037)