# IN THE UNITED SATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP., D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>      Plaintiff,<br><br>    v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>      Defendant. | C.A. No. 20-775-CFC |

## MOTION FOR CONTINUED CONFIDENTIAL TREATMENT

In accordance with this Court's June 9, 2020 Order, and pursuant to Federal Rule of Civil Procedure 5.2, and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3,[1] Plaintiff Manhattan Telecommunications Corp., D/B/A Metropolitan Telecommunications, A/K/A Mettel ("MetTel"), by and through its counsel, moves for entry of an order granting the continued confidential treatment of Exhibit B to the Notice of Removal, filed by Defendant Granite Telecommunications, LLC ("Granite"). In support of this Motion, MetTel states as follows:

---

[1] Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3 requires that documents placed under seal be filed in accordance with CM/ECF procedures, which in turn requires that the authority for filing a document under seal be provided by a protective order or other order of the Court.

*Introduction*

1. On June 9, 2020, Granite filed a Notice of Removal, removing an action between MetTel and Granite from the Court of Chancery to the District Court for the District of Delaware. In accordance with 28 U.S.C. § 1446(a), Granite attached as Exhibit A to the Notice of Removal all public pleadings, process, orders, and other filing in the Court of Chancery.

2. Because some of the pleadings in Granite's removal papers were filed as "Confidential Filings" in the Court of Chancery, Granite sought leave to file those "Confidential Filings" separately as Exhibit B to the Notice of Removal.

3. On June 9, 2020, this Court denied Granite's motion and ordered that MetTel file a motion to maintain the documents in Exhibit B under seal.

*Procedural Background*

4. On May 19, 2020, MetTel filed a Verified Complaint against Granite in the Court of Chancery. In its Verified Complaint, MetTel alleged that Granite was spreading false and defamatory statements about MetTel's financial condition and was engaged in an effort to tortiously interfere with MetTel's contractual relationships with its customers.

5. MetTel sought immediate injunctive relief to prevent further irreparable harm to its business. To obtain such relief, MetTel filed a Motion to

Expedite, a Motion for a Temporary Restraining Order, and an Opening Brief in Support of the Motion to Expedite and Motion for a Temporary Restraining Order.

6. MetTel filed its initial pleadings under seal in accordance with Court of Chancery Rule 5.1. As explained in more detail below, MetTel's pleadings cited specific statements made by Granite that are defamatory and part of an ongoing effort to damage MetTel's standing in the marketplace and tortiously interfere with MetTel's business relationships. Guided by the Court of Chancery's holding in *CapStack Nashville 3 LLC v. MACC Venture Partners*, 2018 WL 3949274 (Del. Ch. Aug. 16, 2018), MetTel filed its pleadings—which referred to and repeated these statements—under seal.

7. On May 27, 2020, in accordance with Court of Chancery Rule 5.1, MetTel filed the public, redacted version of its initial pleadings. MetTel's public version of these pleadings redacted the defamatory statements and the relevant context surrounding them. A copy of the public version of MetTel's initial pleadings is attached to this motion as **Exhibit 1**.

8. Granite also sought confidential treatment of *its* pleadings. On May 26, 2020, Granite filed a motion under Court of Chancery Rule 5.1 to extend confidential treatment to its Answering Brief in opposition to MetTel's request for injunctive relief. Granite noted that its opposition papers made reference to MetTel's pleadings, as well as other non-public business information.

9. On May 27, 2020 the Court of Chancery granted Granite's motion to file under seal. In its order, the Court of Chancery ordered that Granite may file its Answering Brief, and any related papers, under seal as Confidential Filings. A copy of the Court of Chancery's Order is attached to this Motion as **Exhibit 2**.

10. In accordance with the Court of Chancery's May 27 Order, Granite filed its Answering Brief and related papers under seal. Granite's Answering Brief referred to the defamatory statements and included confidential material about its and MetTel's financial condition and business operations.

11. On June 4, Granite filed the public, redacted versions of its Answering Brief and related papers. A copy of the public version of Granite's opposition papers is attached to this motion as **Exhibit 3**.

12. In its Reply Brief, MetTel refuted Granite's arguments by referring to and citing certain non-public information about MetTel's financial position. MetTel's Reply Brief also further discussed the false and defamatory statements made by Granite and explained how those statements are causing irreparable harm to MetTel's business. Accordingly, MetTel filed its Reply Brief under seal.

13. On June 8, 2020, MetTel filed the public, redacted version of its reply papers. A copy of the public version of MetTel's reply papers is attached to this motion as **Exhibit 4**.

14. On June 9, 2020, Granite removed the case to this Court. D.I. 2. Because the above-referenced pleadings and related papers were filed under seal as "Confidential Filings" in the Court of Chancery, Granite sought leave to file these papers under seal as Exhibit B to the Notice of Removal in this Court. D.I. 1.

15. MetTel does not oppose that request and, in this Motion, seeks the continued confidential treatment of those documents that comprise Exhibit B. These documents contain defamatory statements about MetTel and non-public business information that were designated for confidential treatment in the Court of Chancery by both MetTel and Granite. Good cause exists to file these same documents under seal in this Court.

### *Legal Standard*

16. Although there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive," the right is "not absolute." *In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001) and *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988). The movant overcomes the presumption of access if it shows "that the interest in secrecy outweighs the presumption." *In re Avandia Marketing*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344). The material needs to be "the material is

5

the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

17. The Court applies a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012).

18. With these principles in mind, MetTel respectfully requests the Court grant continued confidential treatment to Granite's Exhibit B. Here, good cause exists on two separate grounds.

### *Exhibit B Contains Defamatory Statements Causing Irreparable Harm*

19. First, good cause exists because the papers contained in Exhibit B include the statements that are causing irreparable harm to MetTel. Further dissemination of those statements would not serve the interests of justice and would only inflict even greater harm to MetTel. The Court of Chancery's decision in *CapStack Nashville 3 LLC v. MACC Venture Partners*, 2018 WL 3949274 (Del. Ch. Aug. 16, 2018) is instructive. In *CapStack Nashville 3 LLC*, the Court of Chancery found that plaintiff had not demonstrated irreparable harm because the pleadings that contained the allegedly defamatory statements were filed publicly:

> The filings in this case are a matter of public record; none of the parties' papers have been filed under seal. Indeed, the Plaintiffs themselves attached to the Complaint the letters that contain the purportedly defamatory material. As a result, the allegedly false information the Defendants intend to convey to the SEC and other investors is already accessible to the public. It is unlikely, then, that further dissemination of this publicly available information would work irreparable harm on the Plaintiffs.

*CapStack Nashville 3 LLC*, 2018 WL 3949274, at *3.

20.   If this Court were to discontinue the confidential treatment of the pleadings that contain Granite's defamatory statements, this Court would thwart MetTel's efforts to prevent further irreparable harm. As explained in MetTel's initial papers, these statements are causing serious irreparable harm to MetTel's reputation in the marketplace. These statements have damaged, and continue to damage, current and potential customers' trust in MetTel's services and its business, compromising existing and future relationships in a way that may never be overcome. "The loss of control of reputation, loss of trade, and loss of goodwill constitute irreparable injury." *Horizon Pers. Commc'ns, Inc. v. Sprint Corp.*, 2006 WL 2337592, at *24 (Del. Ch. Aug. 4, 2006).

21.   It is important to note that MetTel has voluntarily dismissed the action in this Court to assert a new Verified Complaint in the Court of Chancery. MetTel continues to be irreparably harmed by Granite's defamatory statements and tortious conduct. MetTel seeks to re-new its efforts to obtain injunctive relief in

the Court of Chancery.  MetTel's new Court of Chancery Complaint is substantially similar to the pleadings included in Exhibit B and references the same language previously redacted.

22.  If this Court were to deny MetTel's and Granite's request to file Exhibit B under seal, this Court would, in a sense, be placing a finger on the scales in favor of allowing Granite to continue to harm MetTel.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) ("It is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain."). Requiring Exhibit B to be public and un-redacted would cause "serious injury" to MetTel.  *In re Avandia Marketing*, 924 F.3d at 672.

### *Exhibit B Contains Confidential Financial Information*

23.  Second, good cause exists because the pleadings contain sensitive, non-public financial information.

24.  MetTel's and Granite's financial information is central to both the claims and defenses in this case.  MetTel alleges Granite is spreading false statements about MetTel's financial condition as part of an effort to interfere with MetTel's business.  Granite argues the statements are true.

25.  For its part, MetTel redacted information about its financial state, including specific information and details about a revolving line of credit. This information is sensitive, non-public, and confidential. *See Mosaid Techs. Inc. v.*

*LSI Corp.*, 878 F. Supp. 2d 503, 511 (D. Del. 2012) (noting that "terms that relate to pricing, valuation, monetary payments, and financial information should be protected").

26. Likewise, Granite redacted sensitive, non-public, confidential information about its relationship with its customers, its negotiations with other carriers, and details about certain payment obligations. MetTel acknowledges that such information is sensitive, non-public, and confidential. *See United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 (D. Del. 1999) (issuing protective order for "sales and marketing plans, financial forecasts, margin, pricing, cost and customer information"). MetTel does not oppose Granite's request to maintain confidential treatment of this information. The Third Circuit has held that courts may seal judicial records "where they are sources of business information that might harm a litigant's competitive standing." *Mosaid Techs. Inc.*, 878 F. Supp. 2d at 507 (quoting *Littlejohn*, 851 F.2d at 678). This Court has also found good cause to redact "confidential financial information," which "could cause real and serious harm" if disclosed, and is "the sort of material that courts have frequently redacted." *Mosaid Techs.*, 878 F. Supp. 2d at 510. The Court also noted that good cause exists to seal or redact information such as "the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology." *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F.

Supp. 3d 495, 497 (D. Del. 2016); *see also* Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential research, development, or commercial information" as one category of information that can be protected via court order).

27. The pleadings in Exhibit B contain confidential financial information. These pleadings were properly filed under seal—and the confidential information was properly redacted—in accordance with both the Court of Chancery's May 27 Order and Court of Chancery Rule 5.1. Good cause exists to maintain the confidential treatment of these pleadings in this Court. Granite should be permitted to file its Exhibit B under seal.

## CONCLUSION

28. MetTel, therefore, respectfully requests entry of the attached Order: (1) maintaining Exhibit B under seal; and (2) requiring Granite to file a public version of Exhibit B with only the confidential information redacted in compliance with Local Rule 5.1.3 and CM/ECF procedures. To the extent necessary, MetTel will also comply with all applicable local rules and procedures regarding filing under seal through the Court's CM/ECF system.

Dated:  June 16, 2020                           **K&L GATES LLP**

                                                */s/ Steven L. Caponi*
                                                Steven L. Caponi (No. 3484)
                                                Matthew B. Goeller (No. 6283)
                                                600 N. King St., Suite 901
                                                Wilmington, DE 19801
                                                Tel: (302) 416-7000

Case 1:20-cv-00775-CFC Document 9 Filed 06/16/20 Page 11 of 11 PageID #: 652

steven.caponi@klgates.com
matthew.goeller@klgates.com

*Attorneys for Plaintiff*

11